UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

                                        Case No. 06-20172-01

v.                                       Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant-Petitioner.

_____ /

**ORDER OVERRULING PETITIONER'S AND RESPONDENT'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING PETITIONER'S MOTION TO VACATE, GRANTING RESPONDENT'S MOTION TO STRIKE, AND STRIKING PETITIONER'S MOTION TO SUPPLEMENT**

For Petitioner Robert Ocampo's involvement in a drug trafficking conspiracy, a jury convicted him of various drug and firearm offenses. This Court sentenced Petitioner to 420 months imprisonment. The Sixth Circuit affirmed the convictions and sentence. The Supreme Court denied a writ of certiorari.

Returning to this Court, Petitioner moved to vacate the sentence pursuant to 28 U.S.C. § 2255. ECF No. 416. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder has issued a report recommending that the Court grant in part and deny in part Petitioner's motion. ECF No. 433. Both Petitioner and Respondent United States have filed objections. For the reasons that follow, both sets of objections will be overruled, Judge Binder's report and recommendation will be adopted, and Petitioner's motion will be granted in part and denied in part.

Briefly, Petitioner was convicted for violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. And, based on the same conduct, he was also convicted for

violating § 922(g)(3), which prohibits unlawful users of controlled substances from possessing firearms. This violated Petitioner's rights under the Double Jeopardy Clause, such that counsel was ineffective for not raising the issue. *See, e.g.*, *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007*)* ("Those circuits that have addressed the question are in unanimous agreement that § 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession.").

Counsel's error, it must be acknowledged, is understandable. Counsel's focus, presumably, was on reducing Petitioner's actual sentence rather than the sentences for a pair convictions that had no impact on the amount of time that Petitioner will spend in federal prison. Nevertheless, it was error. Accordingly, his conviction for one of the two violations of § 922(g) will be vacated (specifically, his conviction under § 922(g)(3)). And his judgment of sentence will be amended to reflect a single violation of § 922(g) (specifically, a conviction under § 922(g)(1)). The remainder of Petitioner's claims for habeas relief, however, will be denied.

# I

## A

Long-term surveillance by law enforcement in the mid-2000s uncovered a marijuana and cocaine trafficking operation centered in Saginaw, Michigan. Petitioner was one of the individuals observed participating in the operation. Between January 2005 and March 2006, Petitioner made at least 28 trips from Michigan to other states. His conduct on these trips, law enforcement observed, was consistent with drug trafficking.

In March 2006, a four-count criminal complaint was filed against Petitioner. ECF No. 1. The same day, law enforcement executed search warrants of Petitioner's residence and storage unit. Law enforcement recovered about $80,000 in cash, several bricks of marijuana packaged for distribution, and a number of travel and financial documents related to the operation from Petitioner's residence. From his storage unit, law enforcement recovered weapons, ammunition, and more documents.

By the time that the grand jury had issued a fourth superseding indictment in October 2006, the alleged criminal conspiracy grew to include seven defendants and 36 criminal charges. ECF No. 62. In that indictment, Petitioner was charged with seven crimes: (1) conspiracy to possess with intent to distribute at least 5 kilograms of a substance containing cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846; (2) knowing use and maintenance of a residence for the purpose of distributing and using controlled substances in violation of 21 U.S.C. §§ 856(a)(1) and 860; (3) distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (4) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (6) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); and (7) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

**B**

Petitioner's trial was held in November 2007. The jury found Petitioner guilty on all seven counts. ECF No. 161. In July 2008, Petitioner was sentenced to 360 months on counts 1, 2, 5, and 6, as well as 60 months on counts 3 and 4, with the terms to be served concurrently.

ECF No. 223. Additionally, Petitioner was sentenced to 60 months on count 7, to be served consecutively to the sentences imposed in counts 1 through 6. *Id.*

Petitioner appealed to the Sixth Circuit, "alleging error in the district court's denial of a motion to suppress evidence, exclusion of certain hearsay testimony, denial of a motion to acquit based on the sufficiency of the evidence, failure to act on a purported *Brady* violation, and calculation of his advisory Sentencing Guidelines range." *United States v. Ocampo*, 402 F. App'x 90, 91 (6th Cir. 2010). The Sixth Circuit found each of Petitioner's claims to "lack merit" and affirmed on November 15, 2010. *Id.* Petitioner then sought a writ of certiorari in the United States Supreme Court, which was denied on March 21, 2011. *Ocampo v. United States*, 131 S. Ct. 1704 (2011).

## C

In August 2011, Petitioner filed a motion to vacate pursuant to § 2255. ECF No. 346. The case was referred to Magistrate Judge Charles Binder for general case management. ECF No. 354. Petitioner went on to engage in a vigorous motion practice.[1] On October 5, and again on November 28, 2011, Judge Binder entered orders directing Petitioner to file amended briefs that complied with the local rules. (The local rules, for example, require that briefs supporting a motion not exceed 20 pages; Petitioner's first brief was 70 pages.)

In May 2011, Judge Binder granted Petitioner leave to file a second amended § 2255 motion. Petitioner did so, asserting the seven claims for relief. First, Petitioner asserts that his sentence should be vacated because "Probable Cause was legally Deficient for Arrest." Pet'r's Br. Supp. Second Am. § 2255 Mot. 1, ECF No. 416. Second, he asserts: "Offenses carried in

---

[1] For example, motions to amend, extend time, to reconsider, and for clarification were made by Petitioner with some regularity. *E.g.*, ECF Nos. 369, 376, 392 (motions to amend); 364, 370, 384 (motions for reconsideration); 381, 396 (motions for clarification).

Indictment, Trial and Sentence that are Multiplicious and/or Duplicitous Requires Dismissal and Retrial – Because they violate Double Jeopardy Clause." *Id*. at 4. Third, Petitioner asserts: "There was insufficient evidence to convict Ocampo for possession of a firearm in furtherance of a drug trafficking crime." *Id*. at 8. Fourth, Petitioner asserts: "District Court's decision to Admit Evidence of Prior Bad Acts that were cumulative, prejudicial and had no probative value requires retrial." *Id*. at 11. Fifth, Petitioner asserts: "Denial of *Franks* Hearing was Court Err." *Id*. at 16. Sixth, he asserts: "Overstated Criminal History and Offense Level that was Caused by Improper Classification was Prejudicial." *Id*. at 20. And finally, Petitioner asserts: "United States District Court's order has denied the petitioner his constitutional due process to raise and present all available claims for relief." *Id*. at 25.

The government responded. ECF No. 420. And Petitioner replied, repeatedly. ECF Nos. 422, 424, 425, 427, 429.

## D

In September 2012, Judge Binder issued a report recommending the Petitioner's motion be granted in part and denied in part. ECF No. 433.

Judge Binder first notes that Petitioner was convicted of two subsections of § 922(g). Specifically, Petitioner was convicted on count 5 for violating subsection (g)(1), which prohibits felons from possessing firearms. And he was convicted on count 6 six for violating subsection (g)(3), which prohibits users of controlled substances from possessing firearms. Judge Binder goes on to report that "the subdivisions of § 922(g) do not support separate sentences for a single criminal act." Report & Recommendation 11 (quoting *United States v. Modena*, 430 F. App'x 444, 446 (6th Cir. 2011)), ECF No. 433. Finding that Petitioner's counsel was ineffective for not

raising this issue, he recommends that the Court "vacate the sentence, merge the counts of conviction into one count, and resentence the defendant based on a single conviction." *Id.* (quoting *United States v. Richardson*, 439 F.3d 421, 423 (8th Cir. 2006)). The remainder of Petitioner's claims, Judge Binder reports, lack merit.

Both Respondent and Petitioner filed objections to the report and recommendation.

## E

In December 2012, Petitioner filed yet another motion to amend his § 2255 petition to add a new claim for relief. ECF No. 456. Respondent, in turn, moved to strike Petitioner's motion as untimely. ECF No. 457. For reasons detailed below, Respondent is correct. Before taking up this issue, however, a review of the parties' respective objections to the report and recommendation is undertaken.

## II

## A

Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

"To warrant relief under section 2255," the Sixth Circuit instructs, "a petitioner must demonstrate the existence of an error of constitutional magnitude . . . . Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citations and

quotation marks omitted) (quoting *Davis v. United States,* 417 U.S. 333, 346 (1974) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Claims of ineffective assistance of counsel are appropriately brought by filing a motion under section 2255." *Griffin*, 330 F.3d at 736.

## B

Respondent's sole objection is "to the portion of the report and recommendation issued by the magistrate judge that suggests that the petitioner's convictions on counts 5 and 6 violate the Double Jeopardy clause and should therefore be merged." Resp't Objection 1, ECF No. 439. "The fundamental flaw in the double jeopardy analysis in the magistrate judge's report and recommendation," Respondent writes, "is that the analysis misapprehends the Sixth Circuit precedent on the issue." *Id.* Additionally, Respondent asserts, the report and recommendation errs because of "the absence of *Strickland* cause and prejudice analysis." *Id.* at 2.

## 1

Respondent is correct that the Sixth Circuit has not expressly addressed the precise legal issue raised by Petitioner: whether Congress intended to permit multiple punishments for violations of two or more subdivisions of § 922(g). Yet at least eight other circuits have — and have concluded that Congress did not. That is, "all the other Circuits that have addressed this issue . . . hold that Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification." *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam) (collecting cases); *accord United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007); *United States v. Olmeda*, 461 F.3d 271, 280 (2d Cir. 2006); *United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000); *United States v. Dunford*, 148 F.3d 385, 389 (4th Cir. 1998); *United States v. Johnson*,

130 F.3d 1420, 1426 (10th Cir. 1997); *United States v. Munoz-Romo*, 989 F.2d 757, 759–60 (5th Cir. 1993); *United States v. Winchester*, 916 F.2d 601, 607–08 (11th Cir. 1990).  As detailed below, Petitioner's counsel was ineffective for not raising this argument, and that error prejudiced Petitioner's rights.

**2**

Among its protections, the Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life of limb."  With these twenty words, the Double Jeopardy Clause confers three distinct protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (internal alteration omitted) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).  Here, the third protection is at issue.

The protection against multiple punishments for the same offense, the Supreme Court instructs, is simply a function of the constitutional principle of the separation of powers: "Legislatures, not courts, prescribe the scope of punishments."  *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *see Whalen v. United States*, 445 U.S. 684, 689 (1980) (citing *United States v. Wiltberger*, 5 Wheat. 76, 95 (1820); *United States v. Hudson & Goodwin*, 7 Cranch 32, 34 (1812)); *see generally* Akhil Reed Amar, *Double Jeopardy Law Made Simple*, 106 Yale L.J. 1807, 1818 (1997) ("The Eighth Amendment's Cruel and Unusual Punishment Clause might impose limits on the total amount of punishment that can be heaped upon a person for a single 'act' or series of acts, but the Double Jeopardy Clause imposes no limits on how the legislature may carve up conduct into discrete legal offense units." (footnote omitted)).

The Fifth Amendment is thus a check against the judiciary — it prohibits courts from imposing sentences exceeding "the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citing *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature," the Supreme Court explains, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Johnson*, 467 U.S. at 499 (citations omitted) (citing *Hunter*, 459 U.S. at 366–368 (1983); *Wiltberger*, 5 Wheat. at 93).

"If congressional intent is not expressed or cannot be discerned by other methods of statutory construction," the Sixth Circuit instructs, "the court then must analyze the elements of the two crimes to determine if Congress intended multiple punishments for the same act. The test expressed by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299 (1932), remains the standard to determine whether the Double Jeopardy Clause prohibits multiple punishments." *United States v. DeCarlo*, 434 F.3d 447, 455 (6th Cir. 2006) (citing *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991)). Here, however, the Court need not reach the *Blockburger* test. Congressional intent on this issue is plain.

**3**

The statute at issue, 18 U.S.C. § 922, was first enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90–618, 82 Stat. 1213. In its present form, subsection (g) enumerates nine classes of persons disqualified from possession of firearms, providing:

It shall be unlawful for any person —

(1)      who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

(2)      who is a fugitive from justice;

(3)      who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

(4)      who has been adjudicated as a mental defective or who has been committed to a mental institution;

(5)      who, being an alien —
      (A)    is illegally or unlawfully in the United States; or
      (B)    . . . has been admitted to the United States under a nonimmigrant visa[;] . . .

(6)      who has been discharged from the Armed Forces under dishonorable conditions;

(7)      who, having been a citizen of the United States, has renounced his citizenship;

(8)      who is subject to a court order that —
      (A)    was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
      (B)    restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person . . .

(9)      who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). The criminal penalty for violating § 922(g) is contained in 18 U.S.C. § 924(a)(2), which provides: "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Read in isolation, the individual subdivisions of § 922(g) do not indicate whether Congress intended to permit multiple punishments for violations of two or more subdivisions. Likewise, the legislative history is silent on the question. *See Winchester*, 916 F.2d at 606–07.

The statutory structure, however, has led to a consensus: "Those circuits that have addressed the question are in unanimous agreement that § 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession." *Parker*, 508 F.3d at 440 (collecting cases). As the Fifth Circuit explained two decades ago:

> [T]his is not a case like *Blockburger*, where Congress criminalized different actions, in different statutes, at different times. Rather, Congress created § 922 and its structure in one enactment, the Omnibus Crime Control and Safe Streets Act of 1968. Since 1968, Congress has made changes in § 922(g)'s list of dangerous offenders, but has not changed the section's structure. Congress, by rooting all the offenses in a single legislative enactment and including all the offenses in subsections of the same statute, signaled that it did not intend multiple punishments for the possession of a single weapon.
>
> We are satisfied that Congress intended to describe only a single crime that could be committed by [several] types of offenders.

*Munoz-Romo*, 989 F.2d at 759 (citations omitted) (citing *Blockburger v. United States*, 284 U.S. 299, 300 (1932); *United States v. Clements,* 471 F.2d 1253, 1258 (9th Cir.1972)). Or, as the Fourth Circuit put the point more recently:

> The nine classes of people barred from firearm possession by § 922(g) are those classes which consist of persons, who by reason of their status, Congress considered too dangerous to possess guns. But we see nothing in the statute which suggests that Congress sought to punish persons by reason of their legal status alone. If we were to interpret the statute to establish separate offenses for each separate status, we would, in effect, be criminalizing the status itself.

*Dunford*, 148 F.3d 385, 388–89; *see also Winchester*, 916 F.2d at 606 ("The statutory language and legislative history of the Gun Control Act of 1968 reveal that Congress' intent was to prohibit the possession of firearms by classes of individuals it deemed dangerous, rather than to punish persons solely for having a certain status under the law.").

In sum, although the Sixth Circuit has not expressly addressed whether multiple convictions under § 922(g) based on a single incident of firearm possession violates the Double Jeopardy Clause, the answer is plain.  It does.

Here, based on the same firearm possession Petitioner was convicted for violating § 922(g)(1), which prohibits felons from possessing firearms.[2]  And he was convicted for violating § 922(g)(3), which prohibits unlawful users of controlled substances from possessing firearms. He was sentenced to concurrent terms of 360 months imprisonment for these convictions.  These multiple punishments for the same offense violates his rights under the Double Jeopardy Clause.

**5**

Petitioner's appellate counsel, however, did not raise this argument.  Rather, counsel appears to have made the strategic decision to focus on attempting to reduce the time Petitioner would actually spend incarcerated.  As noted, on appeal counsel alleged "error in the district court's denial of a motion to suppress evidence, exclusion of certain hearsay testimony, denial of a motion to acquit based on the sufficiency of the evidence, failure to act on a purported *Brady* violation, and calculation of his advisory Sentencing Guidelines range."  *United States v. Ocampo*, 402 F. App'x 90, 91 (6th Cir. 2010).

---

[2]  The advisory sentencing guidelines for each of Petitioner's § 922(g) violations are found at § 2K2.1(a)(4)(A), which calls for a base offense level of 22.  *See U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2009).  Petitioner's guideline offense level for his violations of §§ 856(a)(1) and 860, however, is 37.  *Id*. § 3D1.3(a).  Under § 3D1.3(a), in the case of counts grouped together pursuant to 3D1.2(a)–(c), the offense level applicable to a group is the offense level for the most serious counts comprising the group.  *Id*.  Thus, Petitioner's base offense level for counts 5 and 6 is not 22, but 37.

While focusing on reducing Petitioner's sentence rather than correcting concurrent multiplicitous sentences is understandable, it nevertheless constitutes ineffective assistance of counsel. *Cf. Rutledge v. United States,* 517 U.S. 292, 302 (1996) ("The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." (emphasis in original) (quoting *Ball v. United States*, 470 U.S. 856, 864 (1985)).

"To prevail on a claim of ineffective assistance of counsel," the Sixth Circuit instructs, "a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin*, 330 F.3d at 736 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

To evaluate whether counsel's performance was deficient, "[t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance, the Supreme Court cautions, must be "highly deferential." *Id*. at 689. That is, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

To establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Here, Petitioner satisfies both the performance and prejudice prongs of *Strickland* on his § 922(g) argument. As noted, there is not a debate about whether § 922(g) can support multiple

convictions based on a single firearm possession. "Those circuits that have addressed the question are in unanimous agreement." *Parker*, 508 F.3d at 440. It cannot. *Id.*

Thus, by not raising this argument the performance of Petitioner's counsel fell outside the range of professionally competent assistance. In fairness, it must again be observed in passing that this omission is understandable. Petitioner's appellate counsel chose to focus on attempting to reduce the primary consequence of Petitioner's convictions — his sentence of 420 months imprisonment — instead of the potential collateral consequences of his multiplicitous concurrent sentences. As noted, however, the Supreme Court instructs: "The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. *Rutledge*, 517 U.S. at 302 (emphasis in original) (quoting Ball, 470 U.S. at 864); *see also United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000) (vacating multiplicitous § 922(g) sentences).

But for the error, the result of the proceeding would have been different. That is, although it would have had no practical impact at sentencing, counts 5 and 6 of Petitioner's conviction should have been merged into a single count. Petitioner is therefore entitled to habeas relief on this claim. His sentence on counts 6 will be vacated and an amended judgment will be entered sentencing him for a single violation of § 922(g).[3]

**B**

Petitioner makes 25 objections to the report and recommendation. Most, however, are not properly made.

---

[3] While the Court is vacating one of Petitioner's § 922(g) convictions, it is not vacating either his §§ 856 or 860 convictions. Thus, for reasons discussed above, Petitioner's advisory sentencing guideline range has not changed. A separate sentencing hearing is unnecessary.

**1**

First, Petitioner purports to identify 19 "errors of fact." Each, however, is nothing more than a general objection — a simple disagreement with Judge Binder's conclusions. Consequently, none qualify as "an 'objection' as that term is used in this context." *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747–48 (E.D. Mich. 2004) (Cleland, J.). As Judge Cleland explains, "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id*. at 747. Consequently, "A general objection to the magistrate's report has the same effect as a failure to object." *Id*. at 747–48.

Here, as noted, Petitioner's 19 fact objections do nothing more than state a disagreement with Judge Binder. Characteristic are his assertions in his enumerated "error of fact" 1, 2, and 3. Petitioner writes:

Magistrate erred in the following facts:

1.     That § 860 wasn't charged with §§ 846 and  841 in Count 1 of the 4th superseding indictment, jury instruction and jury verdict.  It was;

2.     That § 846 subsumes § 860 by § 846's statute's plain language in Count 1 of the indicted offense as alleged in Ground 2 of § 2255.  It doesn't;

3.     That § 860 is not the lessor [sic] count of § 846 in Count 1 as alleged in Gr. 2 of § 2255.  It is[.]

Pet'r's Objections 6 (internal citations omitted), ECF No. 450.  These general objections — which in substance are nothing more than simple conclusions — do qualify as "objections." Each of Petitioner's 19 enumerated objections to "errors of fact" will therefore be overruled.

**2**

Next, Petitioner enumerates six "errors of law."  Each is addressed in turn.

**a**

First, Petitioner asserts that the report erred in recommending that Court decline relief on Petitioner's second habeas claim. Specifically, Petitioner contends that his convictions for conspiracy (count 1) and knowing maintenance of a residence for drug trafficking (count 2) violate his rights under the Double Jeopardy Clause because the latter is a lesser included offense of the former.

Petitioner's objection lacks merit, as convictions for conspiracy and knowing maintenance of a residence for drug trafficking do not violate the Double Jeopardy Clause. *E.g.*, *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (holding that conviction maintaining drug-involved premises in violation of 21 U.S.C. § 856 and conspiracy in violation of 21 U.S.C. § 846 does not violate Double Jeopardy Clause); *see generally Iannelli v. U. S.*, 420 U.S. 770, 777 (1975).

As noted, absent some other manner of discerning congressional intent, "[t]he test expressed by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299 (1932), remains the standard to determine whether the Double Jeopardy Clause prohibits multiple punishments." *United States v. DeCarlo*, 434 F.3d 447, 455 (6th Cir. 2006) (citing *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991)). Under *Blockburger*,

> The court focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction. If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

*DeCarlo*, 434 F.3d at 455 (ellipsis and brackets omitted) (quoting *Barrett*, 933 F.2d at 360–61).

Here, there is no express indication that Congress intended to prohibit multiple punishments for conspiracy and maintenance of a residence for drug trafficking — on the contrary, there is evidence that Congress intended to permit such punishments. *E.g.*, *McCullough*, 457 F.3d at 1162 (10th Cir. 2006) ("Congress unequivocally determined to create a distinct offense-with its own, separate punishment-aimed specifically at criminalizing the use of property for narcotics-related purposes." (quoting *United States v. Sturmoski*, 971 F.2d 452 (10th Cir.1992)).

Moreover, even under *Blockburger* Petitioner's claim lacks merit. "Conspiracy to violate 21 U.S.C. § 846," the Sixth Circuit instructs, "requires the following elements: (1) an agreement between two or more individuals to distribute (2) illegal drugs such as cocaine, with (3) intent to distribute." *United States v. Benton*, 852 F.2d 1456, 1465 (6th Cir. 1988) (formatting omitted). "The offense of maintaining a drug-involved premises," the Sixth Circuit further instructs, "requires proof that the defendant knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." *United States v. Russell*, 595 F.3d 633, 642 (6th Cir. 2010) (quotation marks and emphasis omitted) (quoting 21 U.S.C. § 856(a)(1)).

Thus, each crime requires proof of a fact that the other does not. Specifically, conspiracy to distribute controlled substances requires an agreement — knowing maintenance of a residence for drug trafficking does not. Conversely, knowing maintenance of a residence for drug trafficking requires the maintenance of such a premises — conspiracy does not. Petitioner's convictions for these two crimes do not offend the Double Jeopardy Clause. Petitioner's first "error of law" will be overruled.

**b**

In Petitioner's second enumerated "error of law," he first reiterates his assertion that his convictions for conspiracy and knowing maintenance of a residence for drug trafficking violate the Double Jeopardy Clause. Additionally, he asserts that his convictions for distribution of marijuana (count 3) and possession with intent to distribute marijuana (count 4) violate the Double Jeopardy Clause.

Again, Petitioner's convictions for these two crimes did not violate the Double Jeopardy Clause. *E.g.*, *United States v. Davis*, 89 F.3d 836 (6th Cir. 1996) (unpublished table op.)

"Under 21 U.S.C. § 841(a)(1)," the Sixth Circuit instructs, "a possession with intent to distribute charge can be demonstrated without proof of actual distribution and the distribution charge can conceivably be proved without proof of possession. Consequently, these offenses require proof of a fact that the other does not and convictions for both offenses arising from the same set of facts do not violate the Double Jeopardy Clause." *Id.* (citations omitted) (citing *United States v. Stevens,* 521 F.2d 334, 337 n.2 (6th Cir.1975).

Because distribution and possession with intent to distribute each requires proof of a fact that the other does not, Petitioner's rights under the Double Jeopardy Clause were not violated.

His second "error of law" will be overruled.

**c**

Petitioner's third enumerated "error of law" asserts: "The jury instruction for Count's 1 and 2 which carried in part in both offense § 860 (substantive act) failed to convey the concept of reasonable doubt to the jury for the proof of § 860." Pet'r's Objections 11. Petitioner does not,

however, reference the report and recommendation — much less make a specific objection to one of its findings. Instead, Petitioner merely reasserts arguments made in his § 2255 motion.

This type of objection, as noted, is insufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Indeed, "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*

Petitioner's third "error of law" will be overruled.

## d

Petitioner's fourth enumerated "error of law" asserts that the report erred in concluding that claims 1, 3, 4, 5, and 6 in Petitioner's habeas petition were procedurally defaulted. Petitioner writes that he "has demonstrated excuse for procedural default." Pet'r's Objections 13. Acknowledging that a default occurred "at the appellate stage," Petitioner asserts that it should be excused "because counsel forwent meritorious claims." *Id.* at 14. Petitioner does not elaborate on why the claims were meritorious. An independent review reveals that they are not.

As a threshold matter, a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court explains:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d

56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751–52). Thus, Petitioner simply asserting that his default should be excused "because counsel forwent meritorious claims" is insufficient.

Here, Petitioner's appellate counsel put forward numerous colorable arguments, including "alleging error in the district court's denial of a motion to suppress evidence, exclusion of certain hearsay testimony, denial of a motion to acquit based on the sufficiency of the evidence, failure to act on a purported *Brady* violation, and calculation of his advisory Sentencing Guidelines range." *United States v. Ocampo*, 402 F. App'x 90, 91 (6th Cir. 2010). That these arguments ultimately proved unsuccessful does not demonstrate that counsel was ineffective.

Moreover, Petitioner does not demonstrate that his present claims would have been any more likely to prevail. (Indeed, he does not even argue that they would be more likely to). To take just two examples, his claim 4 challenges the admission of "other acts" evidence. This assertion, however, does not allege an error of constitutional dimension — the United States Supreme Court has not established that admitting "other acts" violates due process. *See Dowling v. United States*, 493 U.S. 342, 352–53 (1990). Likewise lacking merit is Petitioner's claim 6, which challenges the application of the armed career offender sentencing enhancement. As the Sixth Circuit noted on direct review of Petitioner's sentence, "[Petitioner's] status as an armed career criminal does not affect his sentence." *United States v. Ocampo*, 402 F. App'x 90, 106 (6th Cir. 2010).

Petitioner's fourth "error of law" will be overruled.

**e**

Petitioner's fifth "error of law" regards the report's analysis that sentencing him for two status offenses under § 922(g) violates the Double Jeopardy Clause. Petitioner writes that although he agrees with Judge Binder's conclusion, he "does not agree completely in the case law utilized." Pet'r's Objections 15. Instead, Petitioner thinks Judge Binder should have placed more reliance on *United States v. Jones*, 533 F.2d 1387 (6th Cir. 1976).

For the reasons detailed above, the Court agrees with Judge Binder's cogent analysis of this issue.

**f**

Petitioner's sixth and final "error of law" is his "factual and actual innocence" of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and of the armed career offender sentencing enhancement. Petitioner writes that the report errs because he was "sentenced under a statute that he is factually innocent of and an enhancement he is actually innocent of too." Pet'r's Objections 16.

For reasons discussed above, Petitioner's challenge to the armed career offender sentencing enhancement lacks merit. *See Ocampo*, 402 F. App'x at 106. As the Sixth Circuit explained:

> Standing alone, Defendant's conviction for possessing a firearm as a felon, with the armed career criminal enhancement, would result in a base offense level of 34 and a criminal history category of VI. But because Defendant's drug offenses are grouped with the firearm offenses in Counts 5 and 6 for the calculation of his Guidelines range, we take the higher base offense level from these two groups of offenses; in Defendant's case, this is the base offense level of 37 assigned to the drug offenses. And, Defendant's total of 20 criminal history points, to which he stated no objection below, independently places him in a criminal history category

of VI.  Therefore, Defendant's status as an armed career criminal does not affect his sentence.

*Id*. (citations omitted).

Similarly without merit is Petitioner's assertion that he is "factually innocent" of violating § 924(c).  While Petitioner does not elaborate on the factual predicate for this contention in his objection, in his § 2255 petition he asserts that the evidence was insufficient to support a conviction of possession of a firearm in furtherance of a drug trafficking crime.  The Sixth Circuit, however, has repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding."  *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc) (citing *United States v. Shields*, 291 F.2d 798 (6th Cir. 1961)).

Petitioner's sixth "error of law" will be overruled.

## III

With the parties objections to the report and recommendation addressed, the Court returns to Petitioner's motion to amend his § 2255 motion to add a new ground for relief and Respondent's motion to strike.

As noted, the Supreme Court denied Petitioner's petition for a writ of certiorari on March 21, 2011.  *Ocampo v. United States*, 131 S. Ct. 1704 (2011).  More than a year passed.  On December 14, 2012, Petitioner filed his motion to amend.  ECF No. 456.  Titled a "motion to supplement," Petitioner seeks leave to add a claim that counsel was ineffective during the plea bargaining process.  *See Laffer v. Cooper*, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

Respondent, in turn, has moved to strike the motion to amend as untimely.  ECF No. 457.

Respondent is correct.

## A

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C.

§ 2255(f).  This one-year clock starts to run with the latest of four events, with § 2255(f)

providing:

> The limitation period shall run from the latest of —
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Crucially, a proposed amendment asserting a new ground for relief does not relate back if it

arises out of a different "core of operative facts."  *Mayle v. Felix*, 545 U.S. 644, 658 (2005).

That is, the Supreme Court explains, "An amended habeas petition . . . does not relate back (and

thereby escape [§2255's] one-year time limit) when it asserts a new ground for relief supported

by facts that differ in both time and type from those the original pleading set forth."  *Id*. at 650.

Here, Petitioner's proposed new ground for relief asserts ineffective assistance of counsel

in the pretrial plea bargaining process.  But nothing in Petitioner's second amended 2255 motion

(the motion presently before the Court) asserts ineffective assistance of counsel based on this

core of operative facts.  Rather, it asserts ineffective assistance of appellate counsel.  Because his proposed amendment relies on facts that differ in both time and type from the original pleading, it does not relate back.  And it does not fall within a year of any of the four enumerated events of § 2255(f)

**B**

First, Petitioner's motion to amend was not timely filed under § 2255(f)(1).  The Sixth Circuit instructs that "a conviction becomes final for purposes of collateral attack at the conclusion of direct review.  If a § 2255 movant pursued his direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case."  *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citation omitted) (citing *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)).

Here, as noted, Petitioner's conviction became final in March 2011.  His proposed amendment to his habeas petition was filed in December 2012.  It was not timely under § 2255(f)(1).

Nor was it timely filed under § 2255(f)(2).  Petitioner does not allege that he was prevented from moving for this relief by the government.  The record, moreover, demonstrates that he was able to — and in fact did so — repeatedly.

Nor was his proposed amendment timely filed under § 2255(f)(3).  The right recognized by the Supreme Court in *Laffer v. Cooper* and *Missouri v. Frye* did not announce a "newly recognized" right made retroactively applicable to cases on collateral review.  *See* § 2255(f)(3); *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) ("*Frye* and *Lafler* did not announce new rules."); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) ("Neither *Frye* nor its companion case,

*Lafler*, directly addressed the old rule/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts. More important, the Court's actions show that it was applying an old rule that the state courts had misapplied."); *but see Cooper,* 132 S.Ct. at 1392, 1395 (Scalia, J., dissenting) (arguing that *Frye* and *Cooper* announced new rules). Rather, those two cases "are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context." *In re Perez*, 682 F.3d at 932. Petitioner's proposed amendment was not timely under § 2255(f)(3).

And finally, it was not timely filed under § 2255(f)(4). Petitioner does not allege that the facts supporting his claim were not previously available through the exercise of due diligence. And an independent review reveals that they were — they concern his conversations with his counsel.

In sum, Petitioner's motion to amend his habeas petition is untimely. Respondent's motion to strike will be granted.

## V

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336–37.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.  *Id.*

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.  Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

## VI

Accordingly, it is **ORDERED** that Respondent's objection (ECF No. 439) is **OVERRULED**.

It is further **ORDERED** that Petitioner's objections (ECF No. 450) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 433) is **ADOPTED**.

It is further **ORDERED** that Petitioner's second amended motion to vacate the sentence (ECF No. 416) is **GRANTED IN PART AND DENIED IN PART**. His conviction and sentence on count 6 is **VACATED**. His convictions and sentences on counts 1 through 5 are not affected by this order.

It is further **ORDERED** that Respondent's motion to strike (ECF No. 457) is **GRANTED**.

It is further **ORDERED** that Petitioner's motion to supplement (ECF No. 456) is **STRICKEN**.

It is further **ORDERED** that Petitioner's motion for extension of time to file response (ECF No. 434) is **DENIED AS MOOT**.

It is further **ORDERED** that Petitioner's motion for reconsideration (ECF No. 435) is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 28, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Robert James Ocampo #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000, Florence, CO 81226 by first class U.S. mail on January 25, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS