UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                                Case No. 06-20172-01

v.                                            Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

    Defendant-Petitioner.

_____ /

**ORDER DENYING PETITIONER'S MOTIONS
FOR RECONSIDERATION AND MOTION TO CORRECT CLERICAL ERROR**

Petitioner Robert Ocampo believes that this Court has erred — and done so repeatedly. To bring the errors to the Court's attention, Petitioner has filed four motions for reconsideration. And he has filed a motion to correct a clerical error. For the following reasons, his arguments lack merit and the motions will be denied.

**I**

Petitioner's first three motions for reconsideration regard the opinion and order granting in part and denying in part his § 2255 motion. *United States v. Ocampo*, --- F.Supp.2d ----, 2013 WL 317621 (E.D. Mich. Jan. 28, 2013).

The order was entered on January 28. Five weeks passed. On March 4, Petitioner filed a motion for reconsideration. ECF No. 469. In his motion, Petitioner reasserts the argument previously made in his § 2255 motion that a sentencing hearing is necessary prior to resentencing. *See* Pet'r's Mot. for Reconsideration 3 ("These inaccuracies were argued under Ground 6 of the § 2255 [motion]."), ECF No. 469.

One week after Petitioner filed his motion for reconsideration, he re-filed it.[1]  ECF No. 474.  A little more than two weeks later (that is, about eight weeks after the opinion and order was entered), Petitioner filed the motion for a third time.  ECF No. 481.

Local Rule 7.1 provides that a motion for reconsideration "must be filed within 14 days after entry of the judgment or order."  E.D. Mich. L.R. 7.1(h)(1).  None of Petitioner's three motions for reconsideration were filed within this deadline.

Even if they had been, Petitioner would not be entitled to the relief he seeks.  "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted."  *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

Here, Petitioner expressly acknowledges that he is re-arguing the same issue previously decided by the Court.  *See* Pet'r's Mot. for Reconsideration 3 (quoted above).  Petitioner, relying on Federal Rule of Criminal Procedure 32, writes that "[t]he Court's finding a hearing is unnecessary is an error of fact and law."  Pet'r's Mot. for Reconsideration 4.  The law, however, is to the contrary.

To elaborate, although Rule 32 provides that a criminal defendant has a right to speak before a sentence is imposed, Fed. R. Crim. P. 32(i)(4), this rule "applies to the original sentence and not to the subsequent resentencing."  *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *United States v. Coffey*, 871 F.2d 39, 40 (6th Cir. 1989)).  And § 2255(c) specifically provides that "[t]he court may entertain and determine such motion without requiring the production of the prisoner at the hearing."  Consequently, the Sixth Circuit instructs that "the

---

[1] Whether this was out of an abundance of caution or simple clerical error is unclear.

defendant does not have a right pursuant to § 2255 to be present and to allocute at his resentencing." *Pasquarille*, 130 F.3d at 1223.

Here, the Court vacated one of Petitioner's two convictions under 18 U.S.C. § 922(g). As the Court previously noted, the advisory sentencing guidelines for each of Petitioner's § 922(g) violations are found at § 2K2.1(a)(4)(A), which calls for a base offense level of 22. *See U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A). But while one of Petitioner's § 922(g) convictions was vacated, his §§ 856 and 860 convictions were not.

And Petitioner's guideline offense level for his violations of §§ 856(a)(1) and 860 is 37. *Id.* § 3D1.3(a). Under § 3D1.3(a), in the case of counts grouped together pursuant to 3D1.2(a)-(c), the offense level applicable to a group is the offense level for the most serious counts comprising the group. *Id.* Thus, Petitioner's base offense level for counts 5 and 6 is not 22, but 37. In sum, Petitioner's advisory sentencing guideline range has not changed. *Cf. United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011) ("[T]he district court at resentencing [is to] apply the Guidelines that were in effect at the time of the defendant's original sentencing.").

On resentencing, a Court has the authority to consider "evidence of postsentencing rehabilitation" under 18 U.S.C. § 3553(a). *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011) (resentencing on remand).

Here, however, Petitioner has not submitted any evidence of postsentencing rehabilitation. (Nor has he submitted any evidence of presentencing conduct to alter this Court's previous conclusions regarding the § 3553(a) factors). Accordingly, for the same reasons that the Court previously articulated when initially sentencing Petitioner in July 2008 (including giving due consideration to the § 3553(a) factors), the Court imposes the same "sentencing

package" as it imposed on in July 2008. *Pasquarille*, 130 F.3d at 1222. A separate sentencing hearing is unnecessary.

Petitioner's first three motions for reconsideration will be denied.

**II**

Petitioner's fourth motion for reconsideration concerns the order entered in February 2013 denying Petitioner's motion for an injunction. *United States v. Ocampo*, 06-20172-01, 2013 WL 686922 (E.D. Mich. Feb. 26, 2013).

In the motion for an injunction, Petitioner wrote that he "wishes to employ precautionary measures from this motion — so the court may hold in abeyance his forthcoming motion under Rule[s] 52(b) and 59(e)" while his appeal to the Sixth Circuit is pending. Denying Petitioner's motion, the Court explained that it cannot defer considering a motion that has not been filed.

That order was entered on February 26. Petitioner did not file his motion for reconsideration of that order until March 18. It was not timely.

And again, even if the motion had been timely Petitioner would not be entitled to the relief he seeks. Petitioner still has yet to file a motion under Rules 52(b) and 59(e) for a new trial or to amend the judgment. The Court cannot hold in abeyance a decision on a nonexistent motion.

Petitioner's fourth motion for reconsideration will be denied.

**III**

Finally, Petitioner moves to correct a purported clerical error in the judgment. ECF No. 473. He writes: "The Current Judgment has a clerical error — it doesn't reflect Count 1 as returned on the superseding indictment nor Jury instruction, Verdict and/or at sentencing.

Judgment does not reflect the dated [sic] of the Order of Amended Judgment granted." Pet'r's Mot. to Correct Clerical Error 1 (internal citations and formatting omitted).

Contrary to Petitioner's assertion, the judgment does in fact specify the correct charging document, verdict, and sentence. It identifies that he was found guilty on counts 1, 2, 3, 4, 5, and 7 of the fourth superseding indictment. It makes no reference to jury instructions — nor should it. *See* Fed. R. Crim. P. 32(k) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence."). And, because the judgment predates the amended judgment, it necessarily does not reflect the date of the amended judgment. Because Petitioner has identified no errors in the judgment, his motion will be denied.

## IV

Accordingly, it is **ORDERED** that Petitioner's motions for reconsideration (ECF Nos. 469, 474, 478, 481) are **DENIED**.

It is further **ORDERED** that Petitioner's motion to correct clerical error (ECF No. 473) is **DENIED**.

 s/Thomas L. Ludington
 THOMAS L. LUDINGTON
 United States District Judge

Dated: May 3, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Robert James Ocampo, #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, PO Box 6000, Florence, CO 81226first class U.S. mail on May 3, 2013.

 s/Tracy A. Jacobs
 TRACY A. JACOBS